Marvin Gene DINGESS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8696.

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1962.

Decided March 22, 1963.

Certiorari Dismissed May 29, 1963.

See 83 S.Ct. 1559.

⬥257

James C. Roberts, Richmond, Va. (Court-assigned counsel), for appellant.

George D. Beter, Asst. U. S. Atty. (Harry G. Camper, Jr., U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge.

This is a proceeding under § 2255, 28 U.S.C.A. to set aside concurrent sentences imposed upon the defendant's conviction for two separate violations of the Mann Act.[1] In the petition, the defendant included a number of general assertions and contentions, for which neither his court-appointed counsel, the District Judge, nor this Court has found any support in the record. With one possible exception hereafter mentioned, all of such contentions are fully foreclosed by the findings of the District Court entered in this proceeding after having granted a full hearing upon the petition.

On appeal, court-appointed counsel has properly limited himself to the one contention that the defendant lacked effective representation by counsel in the trial court. This contention is founded upon the failure of trial counsel to summon and examine a witness who, it is said, would have corroborated the defendant's statement of the purpose of one of the trips.

The evidence discloses that the defendant took first one girl and then another upon successive trips from West Virginia into Ohio and other states, one of the trips extending as far west as California. Upon each of the trips, the defendant's female companion practiced prostitution. Each of the girls testified that, on the trip upon which she accompanied the defendant, the defendant made the necessary arrangements with bellboys in hotels where they stopped, and she gave to the defendant her gross earnings from the professional activities in which she engaged upon assignations arranged by the bellboys. The defendant testified at his trial that he did transport the girls on these trips, that he knew that they were prostitutes, and that, at each hotel, they registered as man and wife, but he denied that he assisted them in their professional activity or that he received any of its emoluments. He claimed that the purpose of his trips was to secure employment for himself. In the past, the defendant had worked as a truck driver, and he testified that, while in Cincinnati, he sought employment with Allied Van Lines as a truck driver. In this, he was corroborated at the trial by the testimony of a male friend who accompanied the defendant and one of the

1. Title 18 U.S.C.A. § 2421.

240

girls on a trip to Cincinnati. The witness, whose absence is said by the defendant to have made his trial wanting in due process, is the employee of Allied Van Lines in Cincinnati, Ohio, to whom the defendant talked about possible employment.

At the trial the defendant was represented by very competent counsel of his own choice. The District Court found, and with reason, that the defense was ably conducted by the defendant's attorney, and that, generally, the defendant was well represented. At the postconviction hearing, the defendant's trial attorney testified that he did not call the Cincinnati witness because he felt the testimony of that witness would be only cumulative, since the attorney could corroborate the defendant's testimony about the visit to Allied Van Lines through one of the Government's witnesses. It was his opinion that he had established at the trial that at least one of the defendant's purposes in making the trips was to seek possible advantageous employment for himself.

■■ It was not necessary to the defendant's conviction that his sole purpose

in undertaking the interstate journeys was the prostitution of his female companions. If he had some other lawful, but subordinate, purpose which he also sought to serve, the existence of that lawful purpose cannot purify or legitimize the dominant purpose of prostituting his female companions.[2] Further corroboration of the testimony that the defendant made inquiry about a job for himself in Cincinnati, could hardly have militated against the finding that the predominant purpose of these two multistate journeys was the prostitution of the females.

Under such circumstances, the conclusion of his trial attorney that the Ohio witness was not essential to the defense, and the expense of bringing him to the trial unwarranted, appears to be entirely understandable. Certainly, the absence of that one witness did not so infect the fairness of the trial that the proceedings may be said to be wanting in due process.

After the full hearing it granted, the District Court properly denied the petition to vacate the sentence.

Affirmed.

2. See Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331; cf. United States v. Hon, 7 Cir., 306 F.2d 52. A discussion of predominant and subordinate motives may be appropriate in the context of Mortensen where the purpose of the vacation trip, viewed as a whole, was entirely innocent, no immoral act having occurred during the vacation round trip. It may be appropriate in the context of Hon, where the primary purpose of the journey was the girl's purpose to return to her home and where the girl practiced prostitution only to the extent necessary to procure funds to cover the cost of food and lodging for herself and her paramour during the journey and the operation of the automobile. It may be quite inappropriate in the context of such a case as this, where the defendant may have had a dual purpose, one lawful, the search for employment for himself, and the other unlawful, the unreserved prostitution of his female companion. Transportation of the female for the latter purpose would seem proscribed though her transporter may have had a concurrent purpose, enjoyment of scenery, a visit with a relative or investigation of legitimate employment opportunities.