**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4692**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

       v.

RANDOLPH JOHNSON SPAIN,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:14-cr-00021-F-1)

_____

Submitted: November 21, 2016     Decided: December 20, 2016

_____

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Randolph Johnson Spain of two counts of interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421 (2012). The district court upwardly departed from the Guidelines range and sentenced Spain to the statutory maximum of 240 months of imprisonment, and he now appeals. For the reasons that follow, we affirm the convictions, but vacate the sentence and remand.

Spain first challenges the sufficiency of the evidence for the second count of conviction. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Palacios, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal

2

quotation marks omitted). Furthermore, "[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." Id. (internal quotation marks omitted).

Section 2421(a) prohibits knowingly transporting any individual in interstate commerce with intent that such individual engage in prostitution or any sexual activity that constitutes a criminal offense. 18 U.S.C. § 2421(a). The intent that the individual engage in prostitution, however, need not be the defendant's sole motivation for the interstate travel where prostitution is the predominate purpose of the trip. Dingess v. United States, 315 F.2d 238, 239 (4th Cir. 1963). We have thoroughly reviewed the record and conclude that there was sufficient evidence to support the jury's verdict of guilt on the second count.

Spain also argues that the district court erred in applying a cross-reference under the Sentencing Guidelines and that this error violated his Sixth Amendment right to a jury trial. We review a sentence for abuse of discretion, determining whether the sentence is procedurally and substantively reasonable. United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the

3

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence". Gall v. United States, 552 U.S. 38, 51 (2007). We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51).

In addition, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Manigan, 592 F.3d at 631 (internal quotation marks omitted).

Section 2G1.1(c) of the Guidelines provides that a district court should apply U.S. Sentencing Guidelines § 2A3.1 (2015) in determining the offense level if the offense involved conduct described in 18 U.S.C. § 2242 (2012). USSG § 2G1.1(c). A defendant is guilty of violating § 2242 if he knowingly causes another person to engage in a sexual act by threatening or placing that other person in fear. 18 U.S.C. § 2242(1). Based on our review of the record, we conclude that the district court did not err in applying this cross-reference in calculating the

4

advisory Guidelines range. Moreover, as Spain concedes in his reply brief, his constitutional argument is foreclosed by binding circuit precedent. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict.").

Finally, Spain argues that the court erred in awarding two criminal history points each to his 2011 Virginia conviction consisting of four counts of prostitution and his 2013 North Carolina conviction for assault because these convictions were on appeal. The Government has conceded the error and joins Spain in requesting that we vacate Spain's sentence. With respect to Spain's North Carolina conviction, the district court should have awarded that conviction only one criminal history point because it was on appeal. See United States v. Martin, 378 F.3d 353, 355-60 (4th Cir. 2004). The Virginia conviction, however, was not on appeal. Spain appealed the 2011 Virginia conviction and the presentence report makes clear that he pleaded guilty to one of the four prostitution charges while on appeal in the state circuit court. However, as the Government points out, the district court awarded two criminal history points each for (1) the 2011 conviction for four counts of

5

prostitution as well as (2) the 2011 Virginia conviction for one of those counts that resulted from Spain's appeal to the state circuit court. As these are not separate convictions, the district court double-counted them in calculating Spain's criminal history.

We are unable to determine on the record that this error was harmless.[*] Cf. United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011) (to determine that incorrect Guidelines calculation was harmless, appellate court must determine that district court would have reached the same result if Guidelines had been properly calculated and sentence would have been reasonable). Accordingly, we affirm Spain's convictions, but vacate the sentence and remand for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED IN PART;
VACATED IN PART AND REMANDED

---

[*] We express no opinion on the substantive reasonableness of the sentence that the district court imposed.