**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4641**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDOLPH JOHNSON SPAIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:14-cr-00021-BO-1)

Submitted:  May 22, 2018                                  Decided:  June 6, 2018

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Randolph Johnson Spain of two counts of interstate transportation of an individual for purposes of prostitution, in violation of 18 U.S.C. § 2421 (2012). The district court originally sentenced Spain to the statutory maximum term of 120 months on each count, to run consecutively. In his first appeal, Spain challenged the sufficiency of the evidence to support one of the counts of conviction, the application of a cross-reference under the Sentencing Guidelines for the second count, and the calculation of his criminal history category. With respect to his challenge to the cross-reference, Spain argued that application of the cross-reference violated his Sixth Amendment rights because he was not charged with the conduct underlying the cross-reference or convicted of that conduct by the jury. We rejected this argument and affirmed the convictions, but vacated the sentence and remanded for resentencing as we concluded that the district court erred in calculating Spain's criminal history category. *United States v. Spain*, 666 F. App'x 313 (4th Cir. 2016) (No. 15-4692), *cert. denied*, 137 S. Ct. 2174 (2017).

Prior to the resentencing hearing, Spain filed several objections to the presentence report, including an objection to the cross-reference this court previously determined was correctly applied, and an objection to application of U.S. Sentencing Guidelines Manual § 5G1.2(d) (2016), contending that the sentences for the two counts should be run concurrently, rather than consecutively, resulting in a sentence not exceeding 10 years of imprisonment. As this court had determined that the cross-reference was correctly applied, this district court did not reconsider that issue. The court sentenced Spain to 120 months

2

of imprisonment for the first count, plus a consecutive 24 months of imprisonment for the second count. Spain now appeals. For the reasons that follow, we affirm.

Spain argues on appeal that the application of the cross-reference increasing his base offense level for one of the counts, coupled with application of USSG § 5G1.2(d) resulting in a consecutive sentence being imposed for the second count, violated his Sixth Amendment rights. Spain is foreclosed, however, from raising this argument based on the mandate rule. "We review de novo the district court's interpretation of the mandate." *United States v. Susi*, 674 F.3d 278, 283 (4th Cir. 2012). "The mandate rule governs what issues the lower court is permitted to consider on remand—it is bound to carry out the mandate of the higher court, but may not reconsider issues the mandate laid to rest." *Id.* Where a remand for resentencing fails to impose any further limitations, "resentencing may proceed de novo, constrained only by the constitutional bar against vindictiveness, . . . the controlling statutes, and the Sentencing Guidelines." *United States v. Broughton-Jones*, 71 F.3d 1143, 1149 n.4 (4th Cir. 1995) (citing *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993)).

However, the mandate rule prohibits "litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Susi*, 674 F.3d at 283 (internal quotation marks omitted). Moreover, under the mandate rule, "any issue that could have been but was not raised on appeal is waived and thus not remanded." *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks omitted); *see also S. Atl. Ltd. P'ship of Tenn. v. Riese*, 356 F.3d 576, 583 (4th Cir. 2004) (mandate rule "forecloses litigation of issues decided by the

3

district court but foregone on appeal or otherwise waived") (internal quotation marks omitted).

Here, to the extent that Spain seeks to raise the issue previously decided by this court in the prior appeal—that application of the cross-reference under the Guidelines violated his Sixth Amendment rights—the mandate rule forecloses further litigation on that issue. To the extent that Spain seeks to raise a new argument—that the interrelation of the cross-reference with another Guidelines section violated his Sixth Amendment rights—he did not raise that argument in his prior appeal and therefore that issue was not remanded to the district court. *See Chao*, 511 F.3d at 465. We thus conclude that Spain was foreclosed from raising that argument on resentencing and is foreclosed from litigating it before this court. We further conclude that Spain's claim does not fall within any exception to the mandate rule. *See Bell*, 5 F.3d at 67 (4th Cir. 1993) (exceptions to mandate rule include (1) where controlling legal authority has changed dramatically; (2) where significant new evidence that could not have been previously obtained through due diligence is discovered; or (3) where a blatant error in the prior decision will, if uncorrected, result in a serious injustice).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

4